CDF LABOR LAW LLP
    Dawn M. Irizarry, State Bar No. 223303
    dirizarry@cdflaborlaw.com
    Carolina A. Schwalbach, State Bar No. 280783
    cschwalbach@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone:  (213) 612-6300

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ, an individual,<br><br>          Plaintiff,<br>     vs.<br><br>DELTA AIR LINES, INC., a California corporation; and DOES 1 through 100 inclusive,<br><br>          Defendant. | Case No. 2:26-cv-6346<br><br>Removed from Los Angeles Superior Court Case No. 26STCV12981<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441**<br><br>[Filed concurrently herewith Civil Cover Sheet; Corporate Disclosure Statement; Certification of Conflicts and Interested Entities or Persons; Declarations of Dawn M. Irizarry and Lauren Owens] |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant DELTA AIR LINES, INC., ("Delta"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California for the County of Los Angeles to the United States District Court for the Central District of California based on the original jurisdiction of this Court under 28 United States Code ("U.S.C") section 1332(a), and removal jurisdiction under 28 U.S.C. sections 1441 and 1446. In support of this removal, Delta states as follows:

## I. BACKGROUND

1. On or about April 22, 2026, Plaintiff Alicia Hernandez ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, captioned *Alicia Hernandez v. Delta Air Lines, Inc.*, and bearing the case number 26STCV12981 ("Action"). True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as **Exhibit A**.

2. In the Complaint, Plaintiff asserts claims for: (1) whistleblower retaliation in violation of California Labor Code Section 1102.5; (2) wrongful termination in violation of public policy; and (3) intentional infliction of emotional distress. *See* **Exhibit A**, Complaint (hereafter, "Complaint").

3. On June 11, 2026, Delta filed an Answer to the Complaint in the Los Angeles Superior Court. *See* **Exhibit A**, Answer.

## II. JURISDICTION

4. This Court has original jurisdiction over this Action under 28 U.S.C. section 1332(a), and this case may be removed pursuant to 28 U.S.C. sections 1441 and 1446 as this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

2

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441

4906-4116-8556.1

## III.  DIVISIONAL ASSIGNMENT

5.     Pursuant to Civil L.R. 3-2(c), assignment to the Central District of California is proper because the state court action was originally filed in Los Angeles County and Plaintiff alleges that the purported wrongful conduct occurred in Los Angeles, California.  Complaint, ¶¶ 2-4.

## IV.  SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446

6.     In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Los Angeles is located within the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

7.     Delta was served with the Summons and Complaint in this Action on May 12, 2026.  *See* **Exhibit A**, Proof of Service; Declaration of Dawn Irizarry ("Irizarry Decl."), ¶ 2.  Therefore, Delta's Notice of Removal is timely under 28 U.S.C. §1446(b)(1).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

8.     In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Los Angeles and with the Clerk of the Central District of California.  True and correct copies of the Notice to Plaintiff and the State Court shall be filed promptly.

## V.  REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION.

9.     Plaintiff's claims, as alleged in the Complaint, are removable under 28 U.S.C. section 1332(a) (diversity of citizenship).  Diversity jurisdiction exists

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441

4906-4116-8556.1

where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  *Id.*

**A.    The Parties Are Completely Diverse.**

10.    Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

11.    For diversity purposes, an individual is a "citizen" of the state in which they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place they reside with the intention to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12.    The Complaint alleges that Plaintiff is a resident of the State of California.  Complaint, ¶ 3.  Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

13.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Supreme Court concluded that the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 78.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  *Id.*

14.    As of the date of the filing of this Action, Delta is a corporation incorporated under the laws of the State of Delaware.  Declaration of Lauren Owens ("Owens Decl.") ¶ 5.  At the time of the filing of this action and to this day, Delta's principal place of business and the location where its officers direct, control, and

4906-4116-8556.1

coordinate its corporate activities is in Atlanta, Georgia. Owens Decl., ¶¶ 5-6. Therefore, at all material times, Delta has been a citizen of the States of Georgia and Delaware with its principal place of business in the State of Georgia. Delta is not now (nor has it been at any relevant time to this Action) a citizen of the State of California, as it is neither incorporated under the laws of the State of California nor does it maintain its principal place of business in California. Owens Decl., ¶ 6.

15.    Because Plaintiff is a citizen of the State of California and Delta is a citizen of the States of Georgia and Delaware, complete diversity exists pursuant to 28 U.S.C. section 1332(a).

## B.    The Amount-in-Controversy Requirement is Satisfied.

16.    From the allegations of the Complaint, it is evident that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a). Where, as here, the complaint does not specify a particular amount of damages, the removing defendant need only establish the amount in controversy by a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[1]  A defendant may show the amount in controversy "by setting forth the *facts* in controversy ... that support a finding of the requisite amount." *Luckett v. Delta Airlines* [sic]*, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages,

[1] An evidentiary showing is needed only if the amount in controversy alleged in the removal notice is challenged. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); see also *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441

4906-4116-8556.1

statutory penalties, and attorneys' fees where recoverable by statute. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

17.   Plaintiff alleges that she is seeking a "monetary judgment representing compensatory damages, including lost wages, earnings, commissions, and other employee benefits, and all other sums of money…." *See* e.g. Prayer for Relief, ¶ 1. Plaintiff further alleges that she "suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, [Plaintiff] great mental pain and suffering" and "[Plaintiff] will be required to employ physicians and incur additional medical and incidental expenses." Complaint ¶¶ 38-39.

18.   It is "more likely than not" that, if Plaintiff prevails on each of her causes of action and recovers the damages that she seeks for each claim, Plaintiff will recover more than $75,000. See Sanchez, 102 F.3d at 403-404. Plaintiff alleges that her employment was terminated on December 2, 2025. Complaint, ¶ 22. At that time Plaintiff earned $130,660.80 per year. Owens Decl., ¶ 3. Assuming Plaintiff would have continued working at her final rate of pay, lost wages to date would be at least $67,843.17 (approximately 27 weeks since December 2, 2025 x $2,512.71 per week). Because this case is still in the early pleading stage, it will not be ready for trial for at least another year, at which point Plaintiff's alleged lost income claim will have increased by approximately $130,660.80 for total purported lost wages of approximately $198,503.97, exclusive of the value of lost employment benefits, which Plaintiff also seeks in this case. See e.g. Complaint, ¶ 45; Prayer for Relief ¶ 1.

19.   While the details of Plaintiff's alleged emotional distress damages are not pled in the Complaint, Plaintiff claims that she has suffered and continues to suffer "severe emotional distress" and "great mental pain and suffering, humiliation, and anguish." *See* Complaint, ¶¶ 51-52.  In cases alleging wrongful termination in

violation of public policy, the emotional distress damages award alone often exceeds the $75,000 amount in controversy requirement. In *Karras v. Joan Baker Designs Inc.*, 2008 WL 8126132 (Orange County Superior Court, August 13, 2008), the jury awarded the plaintiff $100,000 in emotional distress damages where plaintiff alleged wrongful termination, and discrimination, among other claims.

20. Furthermore, in these types of wrongful termination cases, attorneys' fees alone are often more than $75,000. *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (amount in controversy includes potential recovery of attorneys' fees which assumes that plaintiff prevails on underlying claims); *Martin v. The "Old" Turner Inn*, 2003 WL 22416020 (Los Angeles County Superior Court, February 27, 2003) (attorneys' fees and costs of $147,610 awarded in an action for wrongful termination in violation of public policy and wage and hour claims).

21. Plaintiff has also requested an award of punitive damages (Complaint, ¶ 40), which must be included in calculating the amount placed in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240-41 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).

22. Given Plaintiff seeks the above-referenced forms of damages, her potential recovery will far exceed the jurisdictional minimum of $75,000 if she were to prevail on her claims. Other courts have found the jurisdictional amount satisfied in employment lawsuits where the specified damages were much less than the damages Plaintiff has specified here. *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1031 (N.D. Cal. Mar. 8, 2012) (jurisdictional minimum was satisfied in an

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441

4906-4116-8556.1

employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages).

23.    Based on the foregoing, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Accordingly, Delta may remove the action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

## VI. CONCLUSION

24.    Based on the foregoing, this Court has jurisdiction based on diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a).  Plaintiff is not a citizen of the same state as Delta, and Plaintiff's claims place more than $75,000 in controversy.  Thus, removal to federal court is proper.

25.    In the event this Court has a question regarding the propriety of this Notice of Removal, Delta requests that the Court issue an Order to Show Cause so that Delta may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages and/or citizenship.

WHEREFORE, Delta gives notice that the above-described action in the Superior Court of the State of California for the County of Los Angeles is removed to this Court.

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441

4906-4116-8556.1

Dated:  June 11, 2026

CDF LABOR LAW LLP
Carolina A. Schwalbach

By: _____
Dawn M. Irizarry
Attorneys for Defendant
DELTA AIR LINES, INC.

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441

4906-4116-8556.1

EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number: 34029988**
**Date Processed: 05/12/2026**

| | |
|---|---|
| **Primary Contact:** | Shannon Shaw<br>Delta Air Lines, Inc<br>1030 Delta Blvd<br>Dept 982<br>Atlanta, GA 30354-1989 |
| **Electronic copy provided to:** | Corena Perla<br>Meg Taylor<br>Victor Ector<br>Andre Lecour<br>Laura Dieudonne<br>Valeria Cometto |

| | |
|---|---|
| **Entity:** | Delta Air Lines, Inc.<br>Entity ID Number  2078129 |
| **Entity Served:** | Delta Air Lines, Inc. |
| **Title of Action:** | Alicia Hernandez vs. Delta Air Lines, Inc. |
| **Matter Name/ID:** | Alicia Hernandez vs. Delta Air Lines, Inc. (19252455) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 26STCV12981 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/12/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ricardo Lopez Law P.C.<br>213-634-7979 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** DELTA AIR LINES, INC., a California<br>*(AVISO AL DEMANDADO):* corporation; and DOES 1 through 100,<br>inclusive, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**4/22/2026 3:19 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By Y. Ayala, Deputy Clerk** |
| **YOU ARE BEING SUED BY PLAINTIFF:**    ALICIA HERNANDEZ, an individual,<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* | |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:    Stanley Mosk Courthouse<br>*(El nombre y dirección de la corte es):*    111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**26STCV12981** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ricardo Lopez, Esq. (SBN 315839), Carolina Garcia, Esq. (SBN 366078) Ariadna Dzul, Esq. (SBN 365888) Ricardo Lopez Law P.C.; 100 Oceangate, 12th Floor, Long Beach, CA 90802; (213) 634-7979

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 04/22/2026 | Clerk, by   David W. Slayton, Executive Officer/Clerk of Court   , Deputy<br>*(Secretario)*    Y. Ayala    *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DELTA AIR LINES, INC., a California corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ricardo Lopez, Esq. (SBN 315839), Carolina Garcia, Esq. (SBN 366078) Ariadna Dzul, Esq. (SBN 365888)<br>Ricardo Lopez Law P.C.<br>100 Oceangate, 12th Floor<br>Long Beach, CA 90802<br>TELEPHONE NO.: 213-634-7979      FAX NO.:<br>ATTORNEY FOR *(Name):* Alicia Hernandez | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/22/2026 3:19 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Ayala, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Alicia Hernandez v. Delta Air Lines, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 26STCV12981<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 3; Whistleblower Retaliation, Wrongful Termination, Intentional Infliction of Emotional Distress.
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 21, 2026

Ricardo Lopez, Esq.
(TYPE OR PRINT NAME)                    ▶  *Ricardo Lopez*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases. A** "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties In Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiffs designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WO (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24) Medical Malpractice (45)
Medical Malpractice- Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WO (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WO (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress Negligent Infliction of Emotional Distress
Other PI/PD/WO
**Non-PI/PD/WO (Other) Tort**

Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WO Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18) Auto
Subrogation Other Coverage
**Other Contract (37)**
Contractual Fraud
Other Contract Dispute **Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property Mortgage Foreclosure Quiet Title
Other Real Property *(not eminent domain, landlorcfltenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court Case Matter
Writ-Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case **Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)* Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim Other Civil Petition

<strong>CIVIL CASE COVER SHEET</strong>

| SHORT TITLE Alicia Hernandez v. Delta Air Lines, Inc. | CASE NUMBER 26STCV12981 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE  Alicia Hernandez v. Delta Air Lines, Inc. | CASE NUMBER |
|---|---|

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action (check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☒ 3601 Wrongful Termination | 1, 2,③ |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE Alicia Hernandez v. Delta Air Lines, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE Alicia Hernandez v. Delta Air Lines, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE   Alicia Hernandez v. Delta Air Lines, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br><br>1 World way |
|---|---|
| CITY:   Los Angeles    STATE:  CA    ZIP CODE:  90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Southeast District___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: ___4/21/2026___

_Ricardo Lopez_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

Ricardo Lopez, Esq. (SBN 315839)
Carolina Garcia, Esq. (SBN 366078)
RICARDO LOPEZ LAW P.C.
100 Oceangate
12th Floor
Long Beach, CA 90802
Tel: (213) 634-7979
Email: rlopez@ricardolopezlaw.com
Email: cgarcia@ricardolopezlaw.com

Tanya Taylor, Esq. (SBN 312881)
THE PREMIER LEGAL GROUP
626 Wilshire Blvd.
Suite 410
Los Angeles, CA 90017
Tel: (213) 293-2909
Email: tanya@thepremierlegalgroup.com

Attorneys for Plaintiff
Alicia Hernandez

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/22/2026 3:19 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALICIA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 26STCV12981<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5;**<br><br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br><br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**[DEMAND FOR TRIAL BY JURY]** |

1

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

1. PLAINTIFF ALICIA HERNANDEZ ("ALICIA" or "PLAINTIFF"), an individual, hereby submits this Complaint for Damages against DEFENDANTS DELTA AIR LINES, INC. ("DELTA"), a California corporation; and DOES 1 through 100, inclusive (collectively, "DEFENDANTS"), and each of them, and alleges as follows:

## JURISDICTION

2. This Court is the proper Court, and this action is properly filed in Los Angeles County because DEFENDANTS' obligations and liability arise therein, because DEFENDANTS maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was and is performed by PLAINTIFF in Los Angeles County.

## THE PARTIES

3. PLAINTIFF is and at all times relevant hereto was a resident of the State of California.

4. DELTA is and at all time relevant hereto is a California corporation, existing, doing business and employing individuals in the County of Los Angeles, State of California.

5. DELTA was PLAINTIFF'S employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of the DEFENDANTS named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this time and therefore said DEFENDANTS are sued by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same become known to PLAINTIFF. PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously named DEFENDANTS is responsible for the wrongful acts alleged herein and is therefore liable to PLAINTIFF as alleged hereinafter.

7. PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

8.    PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those DEFENDANTS named DOES 1-100, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. PLAINTIFF is further informed and believes, and based thereupon alleges, that the DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing PLAINTIFF harm.

9.    Whenever and wherever reference is made in this Complaint to any act or failure to act by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and severally.

### ALTER EGO, AGENCY, AND JOINT EMPLOYER

10.    PLAINTIFF is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between DELTA, and DOES 1-100 that the individuality and separateness of DEFENDANTS have ceased to exist.

11.    PLAINTIFF is informed and believes, and based thereon alleges that despite the formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as DEFENDANTS, including, but not limited to because:

a.    DEFENDANTS are completely dominated and controlled by DOES 1-100, who personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind DEFENDANTS to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.    DOES 1-100 derive actual and significant monetary benefits by and through DEFENDANTS' unlawful conduct, and by using DEFENDANTS as the funding source for their own personal expenditures.

3

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

c.   PLAINTIFF is informed and believes that DEFENDANTS and DOES 1-100, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.   PLAINTIFF is informed and believes, and based thereon alleges, that the business affairs of DEFENDANTS and DOES 1-100 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. DEFENDANTS is, and at all times relevant hereto was, used by DOES 1-100 as a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and is, and was, the alter ego of DOES 1-100. The recognition of the separate existence of DEFENDANTS would not promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of DELTA, and DOES 1-100 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF herein.

12.   Accordingly, DEFENDANTS constitute the alter ego of DOES 1-100, and the fiction of their separate corporate existence must be disregarded.

13.   As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based thereon alleges that DELTA, and DOES 1-100 are PLAINTIFF'S joint employers by virtue of a joint enterprise, and that PLAINTIFF was an employee of DELTA, and DOES 1-100. Plaintiff performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

## FACTUAL ALLEGATIONS

14.   Alicia Hernandez ("Alicia") was hired by Delta Air Lines, Inc. ("Delta," or "the Company") in or around April 2021 as a Security Manager, earning approximately $92,000 annually. Her responsibilities included investigating customer behavior incidents, handling employee-related security matters, and managing corporate security communications.

15.   In or around June 2022, Alicia was promoted to Department Manager, earning between $112,000 and $119,000 annually, excluding bonuses and profit sharing. In this role, Alicia managed

4

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

customer service operations, supervised employees and managers, ensured attendance and performance, and handled disciplinary matters. Alicia was directly supervised by General Manager Joseph Tumpap ("Joseph") and received additional direction from Director of Airport Operations Daryl Elsberg. Throughout her employment, Alicia consistently received positive performance evaluations, including during the years 2021, 2022, 2023, 2024, and 2025. Management commented positively on Alicia's leadership qualities and upholding Delta Airline policies.

16.    Beginning in or around April 2025, Alicia was subjected to a hostile work environment after management instructed her to engage in unlawful conduct. Specifically, Daryl Elsberg ("Daryl") expressed frustration with employees who utilized FMLA-protected medical leave and directed Alicia to terminate employees who missed work due to such leave. Alicia objected and informed Daryl that terminating employees for exercising their medical leave rights was unlawful. In response, Daryl instructed Alicia and Joseph to closely monitor employees taking FMLA leave and document any pretextual reasons for termination.

17.    One such employee was Nekshea Bosh ("Nekshea"). In or around June 2025, Daryl and other members of management pressured Alicia to terminate Nekshea for alleged policy violations, including traveling with an undisclosed service animal and tardiness. Alicia followed Delta policy by initiating the termination process and preparing a termination summary. After submitting the summary to Human Resources Manager, Kelley Nabors ("Kelley"), Alicia was instructed to delete the report, empty it from the delete folder, and delete anyone who had been copied. Kelley stated that she wanted to limit exposure and that Nekshea asks a lot of questions and she did not want any of that to come up as discoverable if the company reached the point of litigation. This directive deviated from Delta policy. Alicia later learned that Nekshea had initiated legal action against Delta and believed that management and HR personnel were attempting to limit records reflecting the original termination rationale.

18.    Daryl subsequently directed Alicia to reroute Nekshea's emails to prevent them from reaching executive leadership and Human Resources. Acting under this directive, Alicia requested that General Manager for Corporate Security, George Taylor ("George") reroute the emails. George told Alicia he would first need to receive authorization from Daryl. Daryl instructed George to reroute the emails. However, seeing that Nekshea was trying to reach HR, George instead forwarded the emails to

5

Alicia and informed her that Nekshea was attempting to contact Kelley. Alicia called Kelley, forwarded the Nekshea's emails to her, and reported Daryl's instruction to reroute emails, expressing concern that the practice interfered with employees' rights. Despite acknowledging the concern, Kelley took no action to stop the practice after Alicia's report.

19.    As Nekshea's lawsuit progressed, Human Resources began to mischaracterize Alicia's role in the email rerouting practice. Kelley initiated an investigation and questioned Alicia regarding the rerouting of emails despite having previously been informed that the directive originated from Daryl.

20.    Alicia was aware of Delta's "owning the message" practice, under which supervisors were expected to take responsibility for directives from upper management, and that managers had previously been disciplined for stating they were merely following orders. Believing she was being evaluated under this policy, Alicia stated that she issued the rerouting directive with Daryl's knowledge.

21.    After this meeting, Alicia was placed on suspension on August 27, 2025 while the Company proceeded with an internal investigation. Kelley recommended that Alicia be terminated for poor leadership management and failure to maintain confidentiality. Joseph Tumpap also recommended that Alicia be terminated for ordering an employee's emails to be rerouted, despite his knowledge that the re-rerouting directive came from Daryl.

22.    On December 2, 2025, Delta terminated Alicia's employment. The termination letter alleged that Alicia failed to follow company procedures by rerouting an employee's emails and demonstrated poor leadership judgment. The letter failed to acknowledge that the rerouting directive originated from Daryl and that Alicia had previously reported the conduct as improper. Prior to her termination, Alicia had never received any written or verbal discipline and had consistently received positive performance evaluations.

23.    To Alicia's knowledge, no other management personnel were under investigation or even reprimanded for their involvement.

24.    In addition to retaliation, Alicia experienced multiple workplace violations during her employment, including failure to receive overtime pay, expectations that she remains on call at all times, and denial of meal and rest breaks. Additionally, she was required to attend virtual meetings on her days off, and to perform work while being on personal time off. None of which was compensated.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

25.     Alicia also reported unsafe working conditions on or around September 2024 after an employee (Brian Brizzolara) physically threatened her, told her she "better watch out." Alicia reported these complaints to Joseph Tumpap, Daryl, and HR Manger Lauren but Delta failed to take corrective action. Alicia reported safety concerns again on or around March 2025 after Dontez Ochoa repeatedly shouted profanities at her following a violent verbal assault.

26.     Alicia has a history of reporting unlawful conduct initiated by upper management and HR personnel, making her vulnerable to retaliation from the Company.

27.     For example, on or around September or October 2024, Alicia reported to HR General Manager Nicole Warner via email that HR Manager Lauren Owes ("Lauren") was treating Hispanic and African American employees differently. Alicia alleged that Lauren routinely pushed for the rapid termination of Hispanic employees without conducting investigations, while delaying or resisting the termination of African American employees.

28.     To support her report, Alicia provided the HR department for Equal Employment Opportunity (EEO) with a list of employees from both groups to demonstrate the differences in the timeliness with which termination cases were closed.

29.     On or around February 4, 2025, Alicia received a call from Delta's EEO department confirming that her concerns were substantiated and that Nicole Warner would follow up with Lauren.

30.     As a result of Delta's unlawful conduct, Alicia suffered significant emotional distress. The hostile work environment, pressure to engage in unlawful employment practices, retaliation for refusing to do so, and the subsequent investigation, suspension, and termination caused Alicia severe anxiety, stress, humiliation, and emotional anguish. Alicia experienced fear regarding her professional reputation, distress over being falsely accused of misconduct, and ongoing concern about her ability to support herself and her family.

31.     Alicia was a hardworking and loyal employee to Delta Airlines Inc.; Alicia excelled in her management role and regularly exceeded expectations.

32.     The emotional toll was exacerbated by Delta's failure to address Alicia's repeated reports of illegal and unsafe conduct, as well as by the Company's decision to mischaracterize her actions despite her consistent history of positive performance evaluations and policy compliance.

7

## FIRST CAUSE OF ACTION BY PLAINTIFF FOR WHISTLEBLOWER RETALIATION UNDER CALIFORNIA LABOR CODE § 1102.5 AGAINST DELTA AIR LINES, INC. AND DOES 1-100, INCLUSIVE

33.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

34.    At all times relevant to this action, PLAINTIFF was employed by DELTA AIR LINES, INC.

35.    California Labor Code § 1102.5, subdivision (b), provides that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

36.    At all times herein mentioned California Labor Code § 1102.5 was in effect and binding upon DEFENDANTS, and each of them. Section 1102.5 requires DEFENDANTS to refrain from retaliating against an employee, such as PLAINTIFF.

37.    DELTA AIR LINES, INC. subjected PLAINTIFF to an adverse employment action by retaliating against PLAINTIFF.

38.    As a direct and proximate result of DELTA AIR LINES, INC. conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

39.    As a direct and proximate result of DELTA AIR LINES, INC. conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and

8

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

40.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DELTA AIR LINES, INC. acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

41.    PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

**SECOND CAUSE OF ACTION BY PLAINTIFF FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST DELTA AIR LINES, INC AND DOES 1-100, INCLUSIVE**

42.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

43.    At all times relevant to this action, PLAINTIFF was employed by DELTA AIR LINES, INC.

44.    DELTA AIR LINES, INC. wrongful termination of PLAINTIFF'S employment was substantially motivated by her complaints of unlawful activities in the workplace.

45.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

46.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

47.    As a direct and proximate result of DELTA AIR LINES, INC. conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

48.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an aware of punitive damages is warranted.

49.    PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

**THIRD CAUSE OF ACTION BY PLAINTIFF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DELTA AIR LINES, INC. AND DOES 1-100, INCLUSIVE**

50.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

51.    By committing the outrageous and malicious acts and omissions complained of herein, DELTA AIR LINES, INC. knew, or should have known, that this conduct would result in PLAINTIFF'S severe emotional distress.  Moreover, DELTA AIR LINES, INC. acts and omissions were perpetrated with the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

52.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, humiliation, and anguish, in an amount more than this Court's minimal jurisdiction.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

53.    As a direct and proximate result of DELTA AIR LINES, INC. conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

54.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

55.    PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF seeks judgment against DEFENDANTS, and each of them, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other general and special damages.

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter.

3. For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code, and/or any other basis.

4. For post-judgment interest.

DATED: April 21, 2026                    RICARDO LOPEZ LAW P.C.

                                                 By:   *Ricardo Lopez*
                                                       Ricardo Lopez, Esq.

                                                 Attorneys for Plaintiff
                                                 ALICIA HERNANDEZ

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial of all causes of action and claims with respect to which she has a right to jury trial.

DATED: April 21, 2026                    RICARDO LOPEZ LAW P.C.

By:    *Ricardo Lopez*
       Ricardo Lopez, Esq.

       Attorneys for Plaintiff
       ALICIA HERNANDEZ

---

13

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
*Alicia Hernandez v. Delta Air Lines, Inc.*
Superior Court of California, County of Los Angeles

CDF LABOR LAW LLP
    Dawn M. Irizarry, State Bar No. 223303
    dirizarry@cdflaborlaw.com
    Carolina A. Schwalbach, State Bar No. 280783
    cschwalbach@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone:  (213) 612-6300

Attorneys for Defendant
DELTA AIR LINES, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ALICIA HERNANDEZ, an individual, | ) Case No. 26STCV12981 |
| | ) |
| Plaintiff, | ) Assigned for All Purposes To: |
| vs. | ) Judge:  Tony L. Richardson |
| | ) Dept:    415 |
| DELTA AIR LINES, INC., a California | ) |
| corporation; and DOES 1 through 100 | ) **DEFENDANT DELTA AIR LINES, INC.'S** |
| inclusive, | ) **ANSWER TO COMPLAINT** |
| | ) |
| Defendant. | ) |
| | ) |

DEFENDANT DELTA AIR LINES, INC.'S
ANSWER TO COMPLAINT

CDF LABOR LAW LLP

4915-4549-9820.1

Defendant DELTA AIR LINES, INC, ("Defendant") hereby answers Plaintiff ALICIA HERNANDEZ' ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in the Plaintiff's Complaint and each and every purported cause of action alleged in it, and further denies that Plaintiff has suffered any damages, either in the sum or sums alleged in the Complaint, or in any sum, by reason of any act, omission, or conduct on the part of Defendant, as alleged in the Complaint, or at all.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the allegations of this case, has not completed discovery in this matter, and has not completed their preparation for trial. Further, Plaintiff has not adequately alleged her damages, and has failed to set forth her claims with sufficient particularity to permit Defendant to raise all affirmative defenses. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

2. Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred because Plaintiff failed to raise her alleged claims in a timely fashion.

DEFENDANT DELTA AIR LINES, INC.'S
ANSWER TO COMPLAINT

4915-4549-9820.1

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

3.     Plaintiff has waived the right, by reason of her conduct and actions, to assert some or all of the claims alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4.     Plaintiff is estopped from pursuing the claims in the Complaint, and each alleged cause of action contained therein, by reason of Plaintiff's own actions and course of conduct.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5.     The Complaint, and each alleged cause of action contained therein, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

6.     The Complaint, and each alleged cause of action contained therein, or some of them, are barred by the after-acquired evidence doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

7.     The Complaint, and each alleged cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California *Code of Civil Procedure* §§ 338, 340 and 335.1, and California *Government Code* §§ 12960 and 12965.

## EIGHTH AFFIRMATIVE DEFENSE

(Legitimate Business Reasons)

8.     The Complaint, and each alleged cause of action contained therein, is barred in whole or in part because Defendant has an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understands them.

DEFENDANT DELTA AIR LINES, INC.'S
ANSWER TO COMPLAINT

4915-4549-9820.1

**NINTH AFFIRMATIVE DEFENSE**

(Mixed Motive)

9.     Even if Plaintiff should prove that any alleged protected activity was a substantial factor motivating the challenged employment actions, which Defendant denies, the same employment actions would have been taken based on other legitimate considerations.

**TENTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

10.     Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Damages)

11.     Plaintiff has not suffered any cognizable damages or injury.

**TWELFTH AFFIRMATIVE DEFENSE**

(Workers' Compensation Exclusivity)

12.     Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act and before the Workers' Compensation Appeals Board under Cal. Lab. Code §§ 3600 *et seq*.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Care)

13.     The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct retaliatory behavior, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Take Advantage of Preventive/Corrective Opportunities)

14.     The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

4                           DEFENDANT DELTA AIR LINES, INC.'S
                            ANSWER TO COMPLAINT

4915-4549-9820.1

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Efforts to Enforce Policy)

15.     Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent retaliation in the workplace and made good faith efforts to implement and enforce that policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

16.     Plaintiff's claims are barred in whole or in part because Plaintiff suffered no damages as a result of the alleged wrongful conduct or, alternatively, any damages were not the legal result of any wrongful conduct on the part of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

17.     The Complaint, and each alleged cause of action contained therein, and Plaintiff's purported entitlement to recovery, is barred to the extent that Plaintiff has failed to mitigate the injury or damages alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Exemplary/Punitive Damages)

18.     Plaintiff is not entitled to recover any punitive or exemplary damages as requested in the Complaint, and any allegations with respect thereto should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

5

DEFENDANT DELTA AIR LINES, INC.'S
ANSWER TO COMPLAINT

4915-4549-9820.1

## NINETEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Not Recoverable)

19.    Plaintiff is precluded from recovering attorneys' fees for some or all of the claims alleged in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Comply With Employer's Directions – California *Labor Code* § 2856)

20.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not comply substantially with all the directions of her employer concerning the service for which she was engaged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Knowledge, Authorization, or Ratification)

21.    Defendant is not liable for Plaintiff's alleged damages because, if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, she or she did so without the knowledge, authorization, or ratification of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Frivolous, Unreasonable, and Groundless Lawsuit)

22.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint is frivolous, unreasonable, and groundless, and accordingly, pursuant to California *Civil Procedure Code* § 128.7, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(At-Will)

23.    Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, by the fact that Plaintiff, at all times, was an at-will employee who could be terminated with or without cause at any time under California Labor Code section 2922.

DEFENDANT DELTA AIR LINES, INC.'S
ANSWER TO COMPLAINT

4915-4549-9820.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Entitlement to Emotional Distress Damages)

24.     Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendant for any alleged vexation, injury or annoyance, or physical, mental or emotional distress or discomfort, on the grounds that Defendant was not the cause of those alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Extreme and Outrageous Conduct)

25.     Plaintiff's Complaint, and the purported causes of action alleged therein, fail to allege facts sufficient to constitute extreme and outrageous conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Diversity Jurisdiction)

26.     To the extent information shows there is diversity jurisdiction, this matter should proceed in federal court under 28 U.S.. section 1332 based on diversity jurisdiction.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint, and each cause of action herein, be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit herein;

4.     That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

5.     For such other and further relief as the Court may deem just and proper.

Dated:  June 11, 2026                    CDF LABOR LAW LLP
                                        Carolina A. Schwalbach


                                        By: _____
                                                Dawn M. Irizarry
                                        Attorneys for Defendant
                                        DELTA AIR LINES, INC.

7                    DEFENDANT DELTA AIR LINES, INC.'S
                     ANSWER TO COMPLAINT

4915-4549-9820.1

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, CA 90017.  On June 11, 2026, I served upon the interested party(ies) in this action the following document described as: DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO COMPLAINT

By the following method:

| | |
|---|---|
| Ricardo Lopez, Esq. | Tanya Taylor, Esq. |
| Carolina Garcia, Esq. | THE PREMIER LEGAL GROUP |
| 100 Oceangate 12th Fl., | 626 Wilshire Blvd., Ste 410 |
| Long Beach, CA 90802 | Los Angeles, CA 90017 |
| Tel: (213) 634-7979 | Tel: (213) 293-2909 |
| | |
| E-MAIL: rlopez@ricardolopezlaw.com; | E-MAIL: tanya@thepremierlegalgroup.com |
| cgarcia@ricardolopezlaw.com | |

[X]   **(Electronic service)**  Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above.  For represented parties, I confirmed the appropriate electronic service address for the counsel being served.  For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 11, 2026, at Los Angeles, California.

| | |
|---|---|
| Levon Baghdasaryan | |
| (Type or print name) | (Signature) |

CDF Labor Law LLP

8                    DEFENDANT DELTA AIR LINES, INC.'S
ANSWER TO COMPLAINT

4915-4549-9820.1

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, CA 90017. On June 11, 2026, I served upon the interested party(ies) in this action the following  document described as: DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441

By the following method:

| | |
|---|---|
| Ricardo Lopez, Esq.<br>Carolina Garcia, Esq.<br>100 Oceangate 12th Fl.,<br>Long Beach, CA 90802<br>Tel: (213) 634-7979 | Tanya Taylor, Esq.<br>THE PREMIER LEGAL GROUP<br>626 Wilshire Blvd., Ste 410<br>Los Angeles, CA 90017<br>Tel: (213) 293-2909 |
| E-MAIL: rlopez@ricardolopezlaw.com;<br>cgarcia@ricardolopezlaw.com | E-MAIL:<br>tanya@thepremierlegalgroup.com |

[X]    **via CM/ECF (registered)**:  I hereby certify I electronically filed the above-referenced document(s) and that they are available for viewing and downloading on the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 11, 2026, at Los Angeles, California.

_____
Levon Baghdasaryan
(Type or print name)

_____
(Signature)

CDF Labor Law LLP

4906-4116-8556.1

10

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441